SILVER OIL COMPANY, INC., APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Silver Oil Co. *v.* Limbach (1989), 44 Ohio St. 3d 118.]

(No. 88-261—Submitted May 9, 1989—Decided July 26, 1989.)

*Dennis M. Carson,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

*Per Curiam.* Silver Oil claims that it sold the fuel to USTI for exportation. The tax and claimed exception are contained in R.C. 5735.05:

"To provide revenue for maintaining [and improving] the state highway system * * * an excise tax is hereby imposed on all dealers in motor vehicle fuel upon the use, distribution, or sale within the state by them of motor vehicle fuel * * * provided that no tax is hereby imposed upon the following transactions:

"* * *

"(C) The exportation or sale for exportation of motor vehicle fuel from the state to any other state or foreign country[.]"

Silver Oil argues that "exportation" means to carry the fuel out of Ohio and that USTI was exporting fuel. Furthermore, it maintains that it was entitled to rely on USTI's representation that USTI was exporting fuel to Kentucky.

Under R.C. 1.42, words of a statute are to "* * * be read in context

and construed according to the rules of grammar and common usage. Words * * * that have acquired a technical or particular meaning, whether by legislative definition or otherwise, are to be construed accordingly." See *Youngstown Sheet & Tube Co.* v. *Lindley* (1978), 56 Ohio St. 2d 303, 309, 10 O.O. 3d 423, 426, 383 N.E. 2d 903, 906.

"Export" is defined in Moffat, Economics Dictionary (2 Ed. 1983) 114, as:

"To send out to another economic unit, usually because of a sale of goods. Generally applied to international trade, but *export* is also used for a geographic area within one nation."

"Exportation," furthermore, is defined in Black's Law Dictionary (5 Ed. 1979) 520, as:

"The act of sending or carrying goods and merchandise from one country to another. A severance of goods from mass of things belonging to United States with intention of uniting them to mass of things belonging to some foreign country. [Citation omitted.]"

In view of these definitions, we hold that the term, "exportation," has a more specific, technical meaning than that ascribed by Silver Oil. When a commodity subject to sale is involved, "exportation" means to transport the commodity to another geographical area for trade or sale. Applying such term according to its technical meaning, the sales by Silver Oil to USTI were taxable in Ohio because USTI did not transport fuel for trade or sale; rather, USTI consumed the fuel in its operations.

Furthermore, the refund provision in R.C. 5735.14 evinces a statutory scheme that is contrary to Silver Oil's practice of collecting and remitting both the Ohio and Kentucky taxes based on USTI's representation. Under R.C. 5735.14, a refund is provided the consumer who purchases fuel on which Ohio fuel tax has been paid if the fuel is used in another state. Silver Oil was required to collect the tax from USTI, the consumer, which should have then applied for a refund of the Ohio tax. This refund would have been based on actual usage in another state and not estimated usage, the position now taken by Silver Oil.

Moreover, we are not persuaded by Silver Oil's argument that it may rely on USTI's representation that USTI was exporting oil. Under the statutory scheme, the dealer pays the tax when it obtains the fuel and is reimbursed by collecting the amount of the tax from the consumer. The General Assembly has provided for the receipt of exemption certificates by dealers in R.C. 5735.05(D) and (F), but not in R.C. 5735.05(C). Providing exemption certificates for some sales and not for others clarifies the General Assembly's message: the dealer must pay the fuel tax unless the dealer will be able to establish that the sale is for exportation. Thus, R.C. 5735.05 does not extend protection to the dealer if it relies on the statement from the consumer that the fuel is to be exported.

Accordingly, the BTA's decision is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.