## State, ex rel. Kinsley, v. Berea Bd. of Educ.
### [Cite as 7 AOA 318]

Case No. 56817
Cuyahoga County, (8th)
Decided October 17, 1990

Ronald G. Macala, Randall Vehar, Belden/ Whipple Building, #102, 4150 Belden Village Street, P.O. Box 35186, Canton, Ohio 44735, for Relator.

Mary Lentz, 2500 Terminal Tower, Cleveland, Ohio 44113, for Respondent.

DYKE, J.

Relator, Kay Kinsley, is seeking a writ of mandamus compelling respondents, the Berea Board of Education and its individual members (hereinafter the "Board"), to make available for inspection pursuant to R.C. 149.43 (1) settlement agreements entered into between the Board and thirteen teachers and (2) other documents depicting, among other things, salary schedules and back-pay allowances for each of the thirteen teachers. For the following reasons we allow the writ of mandamus.

On January 12, 1987, the Board enacted a resolution which (1) authorized the Superintendent, the Director of Personnel and Employee Relations and the Board's attorneys to enter into agreements with thirteen teachers regarding back pay and placement on the school district salary schedules; (2) authorized the same parties to enter into a settlement agreement with one of the thirteen teachers to resolve issues related to an action filed by the teacher in the Cuyahoga County Court of Common Pleas; and (3) authorized the total payment of $21,050 pursuant to R.C. 121.22. Since January, 1987, relator has sought to obtain copies of the agreements between the Board and the teachers and copies of documents which would reveal the amount paid to each teacher, the formula used to determine the amount paid, the number of steps each teacher was raised on the salary schedule, the formula used to determine placement on the salary schedule, and any other purpose for which the January 12 resolution funds were used. The Board provided a number of documents to relator, but relator claims she cannot discern from them the information sought. The Board has not made the settlement agreements available.

On December 2, 1988, relator brought this mandamus action. Respondents filed a Motion to Dismiss (Motion #87104) which was converted to a Motion for Summary Judgment in order to consider the attached evidentiary material. Respondents contend the settlement agreements are not subject to disclosure when R.C. 149.43, Ohio's public records law, is read in pari materia with R.C. 121.22, Ohio's open meetings law, and are specifically exempted from disclosure as trial preparation records pursuant to R.C. 149.43(A)(4). Respondents also argue the Board members are not amenable to suit individually because the Board acted collectively when it passed the resolution authorizing the settlement agreements. Relator moved for summary judgment (Motion #87838) maintaining the requested documents are public records and therefore subject to inspection pursuant to R.C. 149.43. Relator also requested attorney fees and relies on the documents attached to respondents' Motion to Dismiss to demonstrate respondents' continuing course of bad faith noncompliance. Following an in camera inspection of the settlement agreements, we conclude the settlement

agreements are public documents and not records exempted from disclosure and therefore grant a writ of mandamus compelling disclosure. Relator's request for attorney's fees, however, is denied. Relator's motion for summary judgment is granted in part and denied in part and respondents' motion to dismiss is denied.

### I. *Settlement Agreements*

Any record that is kept by any governmental unit, including any school district unit, unless specifically exempted or prohibited from release by any state or federal law, must be made available for inspection to any member of the general public. R.C. 149.43. When any governmental unit refuses to release records, the burden of proving that the records are exempted from disclosure under a R.C. 149.43 exception or other state or federal law is on the governmental unit. *State, ex rel. National Broadcasting Co., v. Cleveland* (1988), 38 Ohio St. 3d 79, paragraph two of the syllabus, 526 N.E. 2d 786; *State, ex rel. Woodman, v. Lakewood* (1988), 44 Ohio App. 3d 118, 541 N.E. 2d 610. Moreover, the exceptions from disclosure are to be narrowly construed and all doubts are to be resolved in favor of disclosure. *National Broadcasting,* 38 Ohio St. 3d 79, 83-85.

### A. *Trial Preparation Record Exception*

Respondents assert the settlement agreements are trial preparation records and therefore are excepted from disclosure. They contend the settlement agreements represent subjective evaluations of litigation and were prepared in defense of existing litigation with one teacher and in reasonable anticipation of future litigation with other teachers. Relator responds that the settlement agreements are not records prepared for possible use at trial but are contracts entered into to avoid litigation, and that once a settlement is reached, the result should be open to public scrutiny.

We agree with relator's rationale. A trial preparation record is "any record that contains information that is specifically compiled in reasonable anticipation of, or in defense of a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney." R.C. 149.43(A)(4); *see National Broadcasting,* 38 Ohio St. 3d 79, 84-85; *Barton v. Shupe* (1988), 37 Ohio St. 3d 308, 525 N.E. 2d 812. A settlement agreement is not a record compiled in anticipation of or in defense of a lawsuit. It simply does not prepare one for trial. A settlement agreement is

a contract negotiated with the opposing party to prevent or conclude litigation. Consequently, although the parties and their attorneys subjectively evaluated the litigation confronting them in order to reach a settlement, the settlement agreement itself contains only the result of the negotiation process and not the bargaining discourse which took place between the parties in achieving the settlement. Moreover, under varying circumstances, courts in other states have found no valid reason for secreting documents which designate how tax dollars are spent, either directly or indirectly through insurance premiums, by public bodies to settle disputes. *See Register Division of Freedom Newspapers, Inc. v. County of Orange* (1984), 158 Cal. App. 3d 893, 205 Cal. Rptr. 92; *News and Observer Publishing Co. v. Wake County Hospital System. Inc.* (1981), 55 N.C. App. 1, 284 S.E. 2d 542; *Daily Gazette Co. v. Withrow* (W. Va. 1986), 350 S.E. 2d 738. In light of our supreme court's stated philosophy to narrowly construe the R.C. 149.43 exceptions and to resolve all doubts in favor of disclosure, *State, ex rel. Outlet Communications, Inc. v. Lancaster Police Department* (1988), 38 Ohio St. 3d 324, 328, 528 N.E. 2d 175, we believe that including settlement agreements as trial preparation records would amount to an overly broad interpretation of the exception and one beyond the scope anticipated by its drafters. We therefore hold that settlement agreements entered into by a governmental unit are public records and are not trial preparation records pursuant to R.C. 149.43(A)(4).

### B. *Open Meetings Law*

Respondents next contend the settlement agreements are exempted from disclosure pursuant to R.C. 121.22, which provides for open meetings of governmental bodies, when read in *pari materia* with R.C. 149.43. Specifically, respondents argue that R.C. 121.22(G)(3), which exempts conferences with an attorney for the public body concerning pending or imminent court action from the open meeting requirement, exempts settlement agreements from disclosure.

While R.C. 121.22(G)(3) permits a governmental body to privately discuss litigation, the statute expressly invalidates any resolution, rule or formal action adopted in the closed session unless the resolution, rule or formal action is adopted in an open meeting. *See* R.C. 121.22(H). Thus, once a conclusion is reached

regarding pending or imminent litigation, the conclusion is to be made public, even though the deliberations leading to the conclusion were private. Since a settlement agreement contains the result of the bargaining process rather than revealing the details of the negotiations which led to the result, R.C. 121.22(G)(3), which exempts from public view only the conferences themselves, would not exempt a settlement agreement from disclosure.

## II. *Other Documents*

In addition to the settlement agreements, relator requested documents revealing teachers' salary schedule and the formulas used to determine salaries and placement on the salary schedule. Respondents have provided several documents to relator, including documents showing teachers' salaries and placements, but relator claims she cannot discern from them the information sought.

The public records law requires only that documents be copied or made available for inspection. R.C. 149.43(B). Unless a summary or explanation of public records exists as a public document itself, a governmental unit is not required to create a new document to explain or facilitate review of public records already produced. *See State, ex rel. Scanlon, v. Deters* (1989), 45 Ohio St. 3d 376, 379, 544 N.E. 2d 680. No cause of action exists for one's inability to decipher a public record.

## III. *Individual Board Members*

When public records are not made available, the aggrieved person may institute an action in mandamus to order "the governmental unit or the person responsible for the public record(s)" to comply. R.C. 149.43(C). Relator brought her action against both the Board collectively and its members individually. The individual respondents have moved this court to dismiss them since the board acted collectively when it adopted the resolution authorizing settlement with the various teachers. Relator contends respondents should not be dismissed individually since they are "persons responsible" for the records of the school district within the context of R.C. 149.43(B).

A board of education is a corporate body capable of being sued. R.C. 3313.17; 3313.34. Although a board is comprised of individual members, a board may act only collectively through a majority of its members to pay a debt or claim. R.C. 3313.18; *see generally Cado Business Systems of Ohio, Inc. v. Board of Education*

*of Cleveland* (Mar. 24, 1983), Cuyahoga App. No. 45033, unreported. Pursuant to its statutory authority, the Board in this case collectively enacted a resolution to settle the claims of various teachers. Thus, as a general rule and absent a statute to the contrary, suit must be instituted against the board as an entity and not against the individual board members. *See Harris v. Davis Construction Systems, Inc.* (1986), 34 Ohio App. 3d 350, 518 N.E. 2d 956.

The public records statute, however, permits a mandamus action to be brought not only against the governmental unit, but also against individuals responsible for the records. R.C. 149.43(C); *State, ex rel. Cincinnati Post, v. Schweikert* (1988), 38 Ohio St. 3d 170, 527 N.E. 2d 1230. In light of the liberal construction being afforded this statute, it would be difficult to state that only the Board as an entity may be accountable in mandamus and not the individual members who comprise the board. We hold therefore that the individual members of the Berea Board of Education are amenable to suit in mandamus pursuant to R.C. 149.43 as persons responsible for the public records in issue.

## IV. *Attorney's Fees*

Relator has also requested attorney's fees. An award of attorney's fees in public records cases is not mandatory. *State, ex rel. Fox, v. Cuyahoga County Hospital System* (1988), 39 Ohio St. 3d 108, paragraph two of the syllabus, 529 N.E. 2d 443. The relator must demonstrate a sufficient benefit to the public to warrant the award of attorney's fees, and the court may consider the good faith of the respondent and the reasonableness of the respondent's refusal to comply with the public records statute when making its determination. *Id.* at 111-12; *see State, ex rel. Multimedia, Inc., v. Whalen* (1990), 51 Ohio St. 3d 99; *State, ex rel. Beacon Journal Publishing Co., v. Ohio Department of Health* (1990), 51 Ohio St. 3d 1, 3-6, 553 N.E. 2d 1345. Relator has suggested two benefits the public would derive from an award of attorney's fees in this case:

(1) in general, the recognition by school boards that public records cannot be withheld from public scrutiny absent a colorable claim; and

(2) specifically, the confirmation or dispelling of the suspicion that certain teachers were treated differently than others for improper reasons. Relator also claims respondents acted

in bad faith because of the lengthy lapse of time involved and because respondents disclosed nonresponsive documents.

After reviewing the exhibits attached to respondents' motion to dismiss upon which relator relies, we find an award of attorney's fees unwarranted. Even though a public benefit may be derived from the disclosure of public records previously withheld, according to the parties' correspondence, respondents provided all records requested, including personnel data and fiscal records, except the settlement agreements. The expenditure of public funds and the reasons for the disbursement already had been disclosed through the board's resolution. The issue herein involved the extent of disclosure required under the public records statute, *i.e.*, the degree to which the details of a settlement involving a public body must be disclosed, and a potentially new application of one of the exemptions from disclosure. Respondents' claim for nondisclosure of the settlement agreements under these circumstances was not unreasonable. Relator's request for attorney's fees is therefore denied.

For the foregoing reasons, relator's motion for summary judgment is granted in part and denied in part, and a writ of mandamus is granted ordering respondents to make the settlement agreements referred to in the Board's resolution enacted January 12, 1987, available for inspection or, upon request, to make copies available at cost pursuant to R.C. 149.43. Respondents' motion to dismiss is denied.

Each party to bear its own costs and attorney's fees.

KRUPANSKY, J., and NAHRA, J., concur.