DECISION AND JUDGMENT ENTRY
Eastern Local Board of Education ("Board") appeals the decision of the Pike County Court of Common Pleas, which upheld the denial of a grievance filed by its employee, George Mathews. The Board argues that the trial court erred in determining that the Board violated R.C. 121.22. We disagree because competent, credible evidence supports the trial court's finding that the Board took a vote in executive session, which violated R.C. 121.22's prohibition of a public body taking formal action in an executive session. The Board also argues that the trial court erred by awarding attorneys fees to Mathews. Because we find that the trial court did not abuse its discretion, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
The parties stipulated to the following facts. Mathews is employed by the Board and is represented by the Eastern Local School Support Personnel Association. In 1998, Mathews bid on a bus route, but the Board awarded the bus route to someone else. As a result, Mathews filed a grievance pursuant to the union contract. The labor contract entitled Mathews to a hearing before the Board. Mathews requested such a hearing, which was held on November 2, 1998. The Board began its meeting in a public session and then went into an executive session to conduct Mathews' hearing. During the executive session, Mathews and his counsel presented their arguments. Once they had finished, the Board excused them from the executive session. Continuing in executive session, the Board discussed the grievance. The Board president facilitated the discussion. After ascertaining each Board member's opinion regarding the grievance, without taking a formal vote, the Board moved onto other business.
The Board then returned to the public session and the Board president declared that a majority of the Board members upheld the superintendent's decision to deny the grievance and that the denial of the grievance was upheld. The Board president indicated that Mathews could pursue the matter to the next level in the grievance procedure.
Mathews also filed two depositions with the trial court. In her deposition, Board member Stephanie Knipp testified that she had taken a course in 1997 through the Ohio School Boards Association and received training about "the Sunshine Law." She testified that she knew that the Board is not to take any official action in an executive session. She agreed that the Board president alone could not take any action on behalf of the Board. Knipp also explained that the Board's actions in this case were unusual and that normally the Board members vote in the public session.
In his deposition, Board member Ronald Hines testified that he had been a Board member since 1993, but had no formal training or education about being a Board member. Hines testified that they determined in the executive session that a majority of the Board wanted to uphold the superintendent's decision, but insisted that no vote had been taken. Hines also testified that the official action of the Board was to deny the grievance. Hines testified that the Board usually takes an official vote in the public session.
Mathews did not pursue the next step in the grievance procedure, arbitration. He filed a complaint in the trial court alleging that the Board violated R.C. 121.22, Ohio's open meeting law, and as a result, the Board's action is invalid.
The trial court held a half-day bench trial. The parties did not present evidence. Rather, they submitted joint stipulations of fact and Mathews asked the court to consider the depositions of Knipp and Hines.
The trial court found that the Board took formal action by holding a vote in the executive session and then announced its decision in the public session. The trial court concluded that this violated R.C. 121.22(H). The trial court found that the Board's action of denying Mathews' grievance was invalidated by the violation of R.C. 121.22. The trial court also enjoined the Board from future violations of R.C. 121.22.
After holding a hearing on the issues of attorneys fees and civil forfeiture, the trial court awarded a civil forfeiture of five hundred dollars to Mathews and ordered that the Board pay Mathews reasonable attorneys fees. In a later entry, the trial court set the award of attorney fees in the amount of $2625.
The Board appeals and asserts the following assignments of error:
 I. The Court of Common Pleas erred when it determined that the [Board] violated R.C. 121.22(H).
 II. The Court of Common Pleas erred when it determined that the [Board] took formal action in executive session.
 III. The Court of Common Pleas erred when it awarded [attorneys] fees to [Mathews].
 II.
In its first and second assignment of error, the Board argues that the trial court erred in determining that it violated R.C. 121.22 because (1) it was not required to take a roll call vote once it resumed its public meeting, and (2) there is no evidence to support the trial court's finding that the Board took formal action by voting in the executive session. We address each argument in turn.
R.C. 121.22, commonly known as the Sunshine Law, requires that a meeting of the board of education be open and public. Katterhenrich v.Fed. Hocking Local School Dist. Bd. of Education (1997),121 Ohio App.3d 579, 585. A resolution or formal action of a board of education is invalid unless adopted at an open meeting. Katterhenrich,
citing R.C. 121.22(H). However, in some limited circumstances, the deliberations resulting in the adoption may be conducted in an executive session. See R.C. 121.22(G)(1)-(6). One such circumstance is when the Board is considering the appointment or employment of a public employee. R.C. 121.22(G)(1).
"A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body." R.C. 121.22(H). Such action "adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in [R.C. 121.22(G)(1)-(6)]." Id.
Thus, R.C. 121.22(G) permits a public body to privately discuss certain topics, such as personnel issues, but specifically invalidates any resolution, rule, or other formal action adopted in the closed session unless the resolution, rule, or other formal action is adopted in an open meeting. State ex rel. Kinsley v. Berea Bd. of Edu. (1990),64 Ohio App.3d 659, 664; Shirley v. Chagrin Falls (1975), 521 F.2d 1329
(School board did not violate R.C. 121.22 by discussing personnel issues during executive session because formal action was taken at open meeting, not in executive session).
The Board first argues that the Board did not violate 121.22(H) because it did not discuss a public matter in private. We agree. R.C. 121.22
(G)(1) permits the Board to hold an executive session to discuss the appointment or employment of a public employee. However, we still must determine if the Board violated R.C. 121.22 in any other way.
The Board next argues that the trial court's entry is erroneous on its face because R.C. 121.22 does not require a roll call vote or any other kind of vote. The Board seems to argue that a vote was not necessary to "adopt" the Board's decision made in the executive decision because no individual member of the Board disputed the Board President's claim at the open meeting that a majority of the Board wanted to uphold the decision to deny the grievance. Thus, the issue is whether, the Board properly "adopted" the formal action of upholding the denial of the grievance.
In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. State v. S.R. (1992), 63 Ohio St.3d 590,594. Under Ohio law, it is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. In re Hayes (1997), 79 Ohio St.3d 46, 48, citing S.R. at 594-595. In interpreting a statute, words and phrases shall be read in context and construed according to the rules of grammar and common usage. Independent Ins. Agents of Ohio, Inc. v. Fabe (1992),63 Ohio St.3d 310, 314; R.C. 1.42. R.C. 121.22 (H) provides that a "resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body." (Emphasis added.) At issue is the meaning of the word adopted. The verb adopt means "to choose or take as one's own" and "to vote to accept: The House adopted the report." Webster's New Universal Unabridged Dictionary (1996), 27. Reading the statute as a whole, the second meaning, i.e., to vote or accept, is the meaning intended by the General Assembly. Thus, the Board was permitted to discuss Mathews' grievance in the executive session, but was required to take its formal action by voting on it in an open meeting.
The Board finally argues that there is no evidence in the record to support the trial court's finding that the Board voted on the grievance during the executive session. In its findings of fact, the trial court found that the Board took a vote on Mathews' grievance in the executive session. In reviewing a trial court's factual determinations, we will not reverse as long as the record contains some competent, credible evidence supporting the determination. Sec. Pacific Bank v. Roulette (1986),24 Ohio St.3d 17, 20.
The Board seems to argue that we should not consider the depositiontestimony of Knipp and Hines. However, the Board failed to object to theintroduction of the depositions or when Mathews read parts of thedeposition testimony during the trial. The failure to promptly object and call any error to the attention of the trial court, at a time when it could have been prevented or corrected, amounts to a waiver of such error. State v. Lott (1990), 51 Ohio St.3d 160, 174, citing State v.Gordon (1971), 28 Ohio St.2d 45, at paragraph two of the syllabus. Thus,the Board has waived any objection as to the depositions.
Although the Board members insisted that they did not take a formal vote on Mathews' grievance, Hines testified that the Board determined in the executive session that a majority of the Board wanted to uphold the superintendent's decision. The parties also stipulated that during the executive session the Board ascertained each Board member's opinion regarding the grievance. While the Board members steadfastly asserted that they did not "vote" in the executive session, it is clear from the record that each member expressed his or her opinion and the Board as whole came to a decision, which the Board president simply announced during the open meeting. Thus, some competent, credible evidence supports the trial court's finding that the Board took a vote on Mathews' grievance in the executive session.
We note that Mathews need not show prejudice because "[i]rreparable harm and prejudice to the party that sought the injunction shall be conclusively and irrebuttably presumed upon proof of a violation or threatened violation of this section." R.C. 121.22(I)(3).
Accordingly, we find that the trial court did not err in finding that the Board violated R.C. 121.22 by voting on Mathews' grievance in the executive session. Therefore, we overrule the Board's first and second assignments of error.
 III.
In its third assignment of error, the Board argues that the trial court erred in awarding attorneys fees to Mathews because the Board members did not believe that their actions at the meeting were in violation of R.C.121.22.
R.C. 121.22(I)(2) provides in relevant part:
 (a) * * * The court, in its discretion, may reduce an award of attorneys fees to the party that sought the injunction or not award attorneys fees to that party if the court determines both of the following:
 (i) That, based on the ordinary application of statutory law and case law as it existed at the time of violation or threatened violation that was the basis of the injunction, a well-informed public body reasonably would believe that the public body was not violating or threatening to violate this section;
 (ii) That a well-informed public body reasonably would believe that the conduct or threatened conduct that was the basis of the injunction would serve the basis of public policy that underlies the authority that is asserted as permitting the conduct or threatened conduct.
We review an award of attorneys fees pursuant to R.C. 121.22(I) for an abuse of discretion. See R.C. 121.22(I)(2)(a). An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Lessin (1993), 67 Ohio St.3d 487; Rock v. Cabral
(1993), 67 Ohio St.3d 108. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135, citing Berkv. Mathews (1990), 53 Ohio St.3d 161.
We find that the trial court's decision to award attorneys fees is not unreasonable, unconscionable, or arbitrary. Knipp testified in her deposition that she received training about "the Sunshine Law." She knew that the Board is not to take any formal action in an executive session. She agreed that the Board president alone could not take any action on behalf of the Board. Knipp also explained that the Board's actions in this case were unusual and that normally the Board members vote in the public session.
In his deposition, Board member Ronald Hines testified that he had been a Board member since 1993, but had no formal training or education about being a Board member. Hines testified that they determined in the executive session that a majority of the Board wanted to uphold the superintendent's decision, but insisted that no formal vote had been taken. However, Hines conceded that the official action of the Board was to deny the grievance. Hines testified that the Board usually takes an official vote in the public session.
Thus, at least one Board member knew prior to the meeting that the "Sunshine Law" required the Board to take formal action only in an open meeting and at least two Board members knew that it was highly unusual to do so in an executive session. Therefore, we find that the trial court did not abuse its discretion in determining that the Board was not entitled to a reduction in attorneys fees pursuant to R.C. 121.22(I)(2)(a). We overrule the Board's third assignment of error.
 IV.
In sum, we overrule all of the Board's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
 _______________________________ Roger L. Kline, Presiding Judge.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.