[Cite as *Isreal v. Franklin Cty. Commrs.*, 2019-Ohio-5457.]

| | |
|---|---|
| MICHAEL ISREAL | Case No. 2019-00548PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION AND ENTRY</u> |
| FRANKLIN COUNTY COMMISSIONERS | |
| Respondent | |

{¶1} Requester Michael Isreal, a self-represented litigant, has filed the following: (1) "Memorandum Contra Motion To Special Master Jeffery W. Clark Report and Recommendation filed on October 17, 2019," and (2) "Motion Supplement-Put In Order Pro Se Requester Michael Isreal's November 19, 2019 Memorandum Contra Motion To Special Master Jeffery W. Clark Report and Recommendation Filed On October 17, 2019 To Include The Attached Left-Out Exhibits."

## I. Background

{¶2} On April 24, 2019, pursuant to R.C. 2743.75(D), Isreal sued respondent Franklin County Commissioners, alleging a denial of access to public records. The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, respondent, through counsel, moved to dismiss Isreal's complaint.

{¶3} On October 17, 2019, the special master issued a report and recommendation (R&R), wherein he recommended denial of Isreal's claim for production of records as moot, denial of a claim that responsive records were untimely provided, and assessing court costs against Isreal.

{¶4} On November 19, 2019, with leave of court, Isreal filed a document labeled "Memorandum Contra Motion To Special Master Jeffery W. Clark Report and Recommendation filed on October 17, 2019." In a portion of the filing labeled "Service," Isreal indicates that he "mailed" a copy of the filing to respondent's counsel. Two days

later—on November 21, 2019—Isreal filed a document labeled "Motion Supplement-Put In Order Pro Se Requester Michael Isreal's November 19, 2019 Memorandum Contra Motion To Special Master Jeffery W. Clark Report and Recommendation Filed on October 17, 2019 To Include The Attached Left-Out Exhibits."

## II. Law and Analysis

**1. R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.**

{¶5} R.C. 2743.75(F)(2) sets forth the standard for reviewing objections to a special master's report and recommendation issued under R.C. 2743.75. Pursuant to R.C. 2743.75(F)(2),

> [e]ither party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection. If neither party timely objects, the court of claims shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation. If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

**2. Isreal's filing of November 19, 2019, and Isreal's motion of November 21, 2019 are not well-taken.**

{¶6} The court construes Isreal's filing of November 19, 2019, to be an objection. Isreal has indicated that he "mailed" his objection to respondent's counsel, but Isreal has not certified that he served his objection on respondent's counsel by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2). Isreal's objection thus appears to be procedurally irregular.

{¶7} Isreal states in the objections: "As of November 19, 2019, isreal [sic] has not received complete discovery for the public records sought and received through the foregoing public information request no. 2 and 4." Isreal describes the requests as: "2. Provide the dates and time the fire department was called for malfunctions of elevator (8) in 2018," and "4. Provide the dates and times maintenance employees opened doors for trapped citizens in 2018."

{¶8} Isreal's request Nos. 2 and 4 seek information, not identified documents. Indeed, in the R&R the special master noted that "requests Nos. 1 through 4 are in the form of requests for information rather than specifically identified records, requiring respondent to conduct research for source records. These requests also required respondent to cull the maintenance and emergency records so located for malfunctions and emergency calls involving only certain types of incidents and response personnel." (R&R, 4.)

{¶9} A public agency does not have a duty to create a new document by searching for and compiling information from existing records. *State ex rel. Kerner v. State Teachers Retirement Bd.*, 82 Ohio St.3d 273, 274, 695 N.E.2d 256 (1998). In *State ex rel. Kerner*, the Ohio Supreme Court stated that "a compilation of information must already exist in public records before access to it will be ordered. *State ex rel. Scanlon v. Deters* (1989), 45 Ohio St. 3d 376, 379, 544 N.E.2d 680, 683, overruled on other grounds, *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St. 3d 420, 426-427, 639 N.E.2d 83, 89 ('We hold that the clerk could not be required to create a new "document" by compiling material to facilitate review of the public records. Conversely, if

the clerk's computer were already programmed to produce the desired printout, the "document" would already exist for the purpose of an R.C. 149.43 request.'); *State ex rel. Kinsley v. Berea Bd. of Edn.* (1990), 64 Ohio App. 3d 659, 664, 582 N.E.2d 653, 656." Because Isreal's objection challenges a failure to receive information—not identified records—Isreal's objection is not well-taken.

{¶10} On November 21, 2019, Isreal moved to supplement his objection with various exhibits, which include, among other things, a copy of the Franklin County Ohio organizational chart, a copy of the state of Ohio organizational chart, a copy of the complaint in this case, a copy of R.C. 2743.75, a copy of "Public Records Claims – Frequently Asked Questions" from this court's website, a copy of the public records policy of Franklin County, Ohio, a copy of a public-records request to the Franklin County Commissioner's Office that was received by that office on September 24, 2019, and a copy of a receipt from the U.S. Postal Service dated November 20, 2019.

{¶11} Isreal's motion to supplement the record is unpersuasive for several reasons. First, as a court that reviews a special master's R&R pursuant to R.C. 2743.75(F)(2), this court may not add matter to the record before it, which was not part of the proceedings before the special master. *See State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus (holding that a "reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter").

{¶12} Second, as a general matter, Isreal may not unilaterally supplement the record. *See State ex rel. Par Acquisition Co. v. Ohio Bur. of Workers' Comp.*, 10th Dist. Franklin No. 13AP-933, 2015-Ohio-499, ¶ 40 ("relators cannot unilaterally supplement the record of the administrative proceedings by filing affidavits with their amended complaint when those affidavits, or affidavits of similar import, were not submitted at the administrative proceedings at issue").

{¶13} Third, the documents offered by Isreal are within the record (e.g., a copy of the complaint) or are not pertinent to the issue at hand, i.e., whether the special master's determination that Isreal's requests Nos. 2 and 4 constituted a request for information, instead of a proper records request.

{¶14} Fourth, although R.C. 2743.75(F)(2) permits parties to file written objections to a special master's R&R and responses to written objections; R.C. 2743.75(F)(2) does not expressly permit parties to engage in motion practice after a R&R, objection, or response is submitted to the court. If parties were routinely able to engage in motion practice after an R&R, objection, or response were submitted to the court, such motion practice would frustrate the purpose of R.C. 2743.75, which is to provide an expeditious and economical procedure for the resolution of public-records disputes. *See* R.C. 2743.75(A) (authorizing this court to adjudicate or resolve complaints based on alleged violations of R.C. 149.43(B) "[i]n order to provide for an expeditious and economical procedure"). The General Assembly is the final arbiter of public policy, and unless R.C. 2743.75(F)(2) is deemed unconstitutional by a court of competent authority, this court is reluctant to deviate from the statutory framework enacted by the General Assembly in R.C. 2743.75(F)(2). *See Beagle v. Walden*, 78 Ohio St.3d 59, 62, 676 N.E.2d 506 (1997) (" ' "The legislature is the final arbiter of public policy, unless its acts contravene the state or federal Constitutions." ' *State v. Smorgala* (1990), 50 Ohio St. 3d 222, 224, 553 N.E.2d 672, 675, quoting *State v. Kavlich* (1986), 33 Ohio App. 3d 240, 246, 515 N.E.2d 652, 657-658 (Markus, C.J., concurring)").

{¶15} Isreal's motion of November 21, 2019, is not well-taken.

### III. Conclusion

{¶16} For reasons set forth above, the court OVERRULES Isreal's written objection of November 19, 2019, DENIES Isreal's motion of November 21, 2019, and adopts the special master's R&R of October 17, 2019. Judgment is rendered in favor of

respondent. Court costs are assessed against Isreal. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed December 17, 2019**
**Sent to S.C. Reporter 1/16/20**