The STATE ex rel. SUN NEWSPAPERS

v.

WESTLAKE BOARD OF EDUCATION.

[Cite as *State ex rel. Sun Newspapers v. Westlake Bd. of Edn.* (1991), 76 Ohio App.3d 170.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62669.

Decided Oct. 29, 1991.

*Kohrman, Jackson & Krantz* and *Joshua R. Cohen*, for petitioner.

*Rosenzweig, Schultz & Gillombardo Co., L.P.A.*, and *Bill J. Gagliano*, for respondent.

---

ANN MCMANAMON, Presiding Judge.

Relator, Sun Newspapers, avers that it publishes The Sun Herald, a weekly newspaper, in various western suburbs of Cleveland, including the city of Westlake. Respondent, Westlake Board of Education ("board"), resolved litigation involving the board and its former administrative assistant, Kenneth Crandall, by way of settlement. Relator further avers, in paragraph 9 of the complaint, that it has requested records relating to that settlement from the board but:

"the Westlake Board has refused to disclose the terms of its settlement with Crandall, invoking the parties' agreement to maintain the confidentiality

of their agreement. The Westlake Board has similarly refused to disclose the amount it paid in attorney fees in defending the claims brought by Crandall. The Westlake Board has refused to comply with repeated requests by the Sun Herald for this information."

Relator also avers that the settlement has become an issue in the ongoing campaign for election to the board and that, in order for information regarding this settlement to appear in the last edition of The Sun Herald which will be published before the November 5, 1991 election, the records in question must be made available to relator on or before October 29, 1991.

In the *ad damnum* clause of the complaint, relator requests that this court issue

"a writ of mandamus compelling the City of Westlake Board of Education to produce for inspection the documents memorializing the settlement of its lawsuit with Kenneth Crandall and the documents which record the attorneys fees paid in connection with this lawsuit * * *."

Relator also requests that this court require respondent to pay relator's attorney fees.

In *State ex rel. Kinsley v. Berea Bd. of Edn.* (1990), 64 Ohio App.3d 659, 582 N.E.2d 653, relator sought, *inter alia,* settlement agreements between a board of education and thirteen teachers. We held that "settlement agreements entered into by a governmental unit are public records * * *." *Id.* at 663, 582 N.E.2d at 655.

■ Respondent argues that relator never requested the settlement agreement prior to the filing of its complaint in this action. In support of this contention, respondent attached a copy of a letter from a reporter for relator to respondent. The body of that letter reads:

"I am writing to you to make a formal request to see records of any payments made to Ken Crandall, or in association with the settlement of his law suit against the Westlake Board of Education.

"I would also like to see any and all records of the attornies [*sic*] fees associated with the case."

Construing this request as excluding the settlement agreement—which our *in camera* inspection indicates contains information regarding payments made to Crandall—would be contrary to the spirit of R.C. 149.43.

■ Respondent also notes that the settlement agreement requires that both parties to the agreement keep the terms of their agreement confidential. Specifically, respondent complains that it would be subject to litigation if it were to make the settlement agreement available to relator.

Respondent's position is not well founded, however. "A public entity cannot enter into enforceable promises of confidentiality with respect to public records. See *State ex rel. Dwyer v. Middletown* (1988), 52 Ohio App.3d 87, 557 N.E.2d 788, appeal dismissed [1988], 39 Ohio St.3d 730, 534 N.E.2d 357." *State ex rel. Allright Parking of Cleveland, Inc. v. Cleveland* (Mar. 1, 1991), Cuyahoga App. No. 57881, unreported, at 6, 1991 WL 30252. As a consequence, we grant relator's request that this court issue a writ of mandamus to compel respondent to make available records memorializing the settlement of the board's lawsuit with Crandall.

Relator also requests that this court compel respondent to make available records which indicate the attorney fees paid in connection with the board's lawsuit with Crandall. Respondent argues that the release of the records in question would disclose matters of attorney-client privilege. In particular, respondent is concerned that release of the records would reveal the nature and substance of communications between the board and its counsel.

Yet, relator reaffirms in its reply brief in support of motion for alternative writ that it only seeks records relating to the *amount* of attorney fees paid with regard to the Crandall litigation. Respondent requests in its supplemental brief that, if this court compels respondent to make attorney fee information available to relator, respondent be permitted to redact all information within the attorney-client privilege.

Relator has requested that this court act with dispatch in determining this action. Furthermore, relator has stated unambiguously that the scope of its request for records regarding attorney fees is limited to information regarding the amount of attorney fees paid in connection with the board's lawsuit with Crandall. As a consequence, we grant relief only to the extent of relator's request. That is, respondent need only release records reflecting the amount of attorney's fees paid in connection with the board's lawsuit with Crandall.

As a result of our *in camera* inspection of the disputed attorney fees records, however, we recognize that respondent does not have in its possession any records which specifically respond to relator's inquiry regarding the amount of attorney fees relating to the Crandall litigation. That is, the statements from counsel reflect all services rendered to the board during a period of time and there is no allocation of the entire fee to specific matters.

The Supreme Court of Ohio has held that a "clerk [of courts] could not be required to create a new 'document' by compiling material to facilitate review of the public records." *State ex rel. Scanlon v. Deters* (1989), 45 Ohio St.3d

376, 379, 544 N.E.2d 680, 683. We cannot, therefore, compel respondent to create a record which meets relator's request.

As a consequence, we order respondent to make all records which include information regarding attorney fees incurred due to the Crandall litigation available to relator. Respondent may, however, redact from the attorney fees statements which have been submitted under seal:

1. all information regarding matters other than the Crandall litigation;

2. the narrative portion of entries relating to the Crandall litigation except the word "Crandall."

Respondent is, of course, free to provide relator with any supplemental information—e.g., attorney fees schedules, hourly rates, etc.—which may facilitate the interpretation of the attorney's statements and an understanding of what portion of the total fee during any period arose from the Crandall litigation.

■ Relator also requests that this court order respondent to pay the attorney fees incurred by relator by having to bring this action. Attorney fees are not appropriate under the circumstances of this action. Respondent had a good-faith basis for its refusal to make available the disputed records. Furthermore, upon being contacted orally by court personnel, respondent responded to relator's complaint very promptly—including submission of the disputed records under seal. Under the circumstances present in this action, therefore, we deny relator's request for attorney fees.

Accordingly, relator's application for an alternative writ of mandamus is granted as set forth in this opinion. Furthermore, having completed our *in camera* inspection, we issue a writ of mandamus and respondent is ordered to make available forthwith:

1. the settlement agreement between the Board and Kenneth and Janet Crandall which resolved the Crandall litigation;

2. all records which include information regarding attorney fees incurred due to the Crandall litigation, but respondent may redact from the attorney fees statements which have been submitted under seal:

a. all information regarding matters other than the Crandall litigation;

b. the narrative portion of entries relating to the Crandall litigation except the word "Crandall."

Respondent to pay costs. The clerk is instructed to include under seal as part of the record in this action one set of the copies of disputed records which were submitted by respondent.

*Judgment accordingly.*

MATIA and SPELLACY, JJ., concur.