[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 134.]

THE STATE EX REL. FINDLAY PUBLISHING COMPANY *v*. HANCOCK COUNTY
BOARD OF COMMISSIONERS.

[Cite as *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.*,
1997-Ohio-353.]

*Public records—Mandamus compelling Hancock County Board of Commissioners
to provide relator access to a settlement agreement containing a
confidentiality provision in a civil rights violation lawsuit—Writ granted,
when—Attorney fees granted, when.*

(No. 97-970—Submitted August 26, 1997—Decided October 22, 1997.)

IN MANDAMUS.

———————————

{¶ 1} Clifton Baxter filed a lawsuit in federal district court alleging that
Hancock County and other parties had committed civil rights violations against
him. Baxter requested a judgment in excess of four million dollars and an order
that the county implement new policies concerning the supervision and training of
sheriff's deputies.

{¶ 2} In May 1997, respondent, the Hancock County Board of
Commissioners ("board"), adopted a resolution approving an agreement settling
Baxter's lawsuit. The settlement agreement, including a confidentiality provision
concerning the agreement, was derived from negotiations between the parties to the
Baxter lawsuit. The board's resolution referred to but did not incorporate or
describe the terms of the settlement agreement.

{¶ 3} The board subsequently refused the request of relator, Findlay
Publishing Company, which publishes The Courier, to inspect the settlement
agreement. The board noted that neither it, the auditor, nor the prosecutor's office
had either the original or copies of the settlement agreement. The board had

asserted that after the board adopted the resolution approving the settlement agreement, the agreement was forwarded to the private attorney representing the county's insurer, so that no county employee could be accused of violating the confidentiality provisions of the agreement.

{¶ 4} Relator then brought this action for a writ of mandamus to compel the board to provide relator with access to the settlement agreement.[1]  Relator filed a motion for a peremptory writ, and the board filed an answer and a motion for judgment on the pleadings.

{¶ 5} The cause is now before this court upon a S.Ct.Prac.R. X(5) determination.

_____

*Betts, Miller & Russo* and *Ralph D. Russo*, for relator.

*Robert A. Fry*, Hancock County Prosecuting Attorney, for respondent.

_____

*Per Curiam.*

{¶ 6} S.Ct.Prac.R. X(5) provides that in original actions other than habeas corpus filed in this court, "[a]fter the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or a peremptory writ, if a writ has not already been issued."  The board filed an answer and a Civ.R. 12(C) motion for judgment on the pleadings, which is permitted by S.Ct.Prac.R. X(5).

_____

1. While relator's complaint also requests a writ of mandamus to compel the board to "keep minutes and records in accordance with [R.C.] 305.10 and further directing the [board] to permit inspection of said records by the public and to provide copies of any such minutes and records for an appropriate fee," a writ of mandamus will not issue to compel general observance of laws. *State ex rel. Kuczak v. Saffold* (1993), 67 Ohio St.3d 123, 125, 616 N.E.2d 230, 232.  Further, relator concedes that "[i]t only seeks the document which embodies the result of these deliberations because * * * the public has the right to know the terms of the settlement arrangement."  Therefore, our consideration of relator's mandamus action is restricted to its entitlement to a copy of the settlement agreement.

**{¶ 7}** In order to be entitled to dismissal under Civ.R. 12(C), it must appear beyond doubt that relator can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in relator's favor. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931, 936.

*R.C. 149.43; Settlement Agreements*

**{¶ 8}** Relator contends that it is entitled to a writ of mandamus compelling the board to provide access to the settlement agreement pursuant to Ohio's Public Records Act, R.C. 149.43. Mandamus is the appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426, 639 N.E.2d 83, 89. A "public record" is "any record that is kept by any public office," with certain specified exceptions. R.C. 149.43(A)(1). R.C. 149.011(G) broadly defines "records" to include "any document, device, or item * * * created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." See, also, *State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 246-247, 643 N.E.2d 126, 128.

**{¶ 9}** In general, a settlement agreement of a lawsuit in which a public office is a party is a public record subject to disclosure under R.C. 149.43. *State ex rel. Sun Newspapers v. Westlake Bd. of Edn.* (1991), 76 Ohio App.3d 170, 601 N.E.2d 173; *State ex rel. Kinsley v. Berea Bd. of Edn.* (1990), 64 Ohio App.3d 659, 582 N.E.2d 653; see, also, *Bowman v. Parma Bd. of Edn.* (1988), 44 Ohio App.3d 169, 542 N.E.2d 663. Settlement agreements document decisions and activities of the public office. R.C. 149.011(G).

**{¶ 10}** The inclusion of settlement agreements involving public offices in the definition of public records subject to R.C. 149.43 comports with the court's duties to construe R.C. 149.43 liberally in favor of broad access and to resolve any

doubt in favor of disclosure of public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 376, 662 N.E.2d 334, 336.

{¶ 11} The result is also consistent with the holdings of courts in other jurisdictions construing their own public records statutes. *Daily Gazette Co., Inc. v. Withrow* (1986), 177 W.Va. 110, 115, 350 S.E.2d 738, 743 ("It is clear that a * * * litigation settlement document in which one of the parties is a public body, involving an act or omission of the public body in the public body's official capacity, is a 'public record' within the meaning of a freedom of information statute * * *."); *Dutton v. Guste* (La.1981), 395 So.2d 683, 685; *News & Observer Publishing Co. v. Wake Cty. Hosp. Sys.* (1981), 55 N.C.App. 1, 12-13, 284 S.E.2d 542, 549; see, also, 1 O'Reilly, Federal Information Disclosure (2 Ed.1995) 9-23, Section 9.06 ("There will be areas in which the agency and court may sympathize with the desirability of withholding [disclosure of the records], *as in litigation settlement situations*, but these do not qualify for exempt status." [Emphasis added.]).

{¶ 12} The board, however, contends that the settlement agreement here is not subject to disclosure under R.C. 149.43. The board rejected relator's request for access to the settlement agreement based on the agreement's confidentiality provision and the fact that the board no longer had a copy of the agreement. In its Civ.R. 12(C) motion for judgment on the pleadings, the board contends that R.C. 121.22(G)(3) exempts the agreement from disclosure.

*Confidentiality Provision*

{¶ 13} The confidentiality provision of the settlement agreement does not preclude disclosure under R.C. 149.43. A public entity cannot enter into enforceable promises of confidentiality regarding public records. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 583, 669 N.E.2d 835, 839, citing *Sun Newspapers*, 76 Ohio App.3d at 173, 601 N.E.2d at 175; cf. *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 384, 18

OBR 437, 439, 481 N.E.2d 632, 634 (A contractual provision between city and employees cannot alter city's duty to provide access to public records under R.C. 149.43.). In fact, the board now concedes this point despite its earlier reliance on the unenforceable confidentiality provision.

*Possession of Settlement Agreement*

**{¶ 14}** The board contends that although it had the settlement agreement when it adopted the resolution approving it, it returned the original and copies of the agreement to the private attorney hired by the county's insurer to defend the lawsuit on behalf of the county and its employees. The board thus suggests that since it no longer keeps the record, it is not subject to R.C. 149.43.

**{¶ 15}** The board's argument is meritless. Government entities cannot conceal public records by delegating a public duty to a private entity. *State ex rel. Gannett Satellite Info. Network v. Shirey* (1997), 78 Ohio St.3d 400, 404, 678 N.E.2d 557, 561. The preparation of the settlement agreement by the attorney for the county's insurer, who is representing the county and its employees in the lawsuit, constitutes a public duty performed by the county's agent. See, *e.g., State ex rel. Mazzaro v. Ferguson* (1990), 49 Ohio St.3d 37, 550 N.E.2d 464; see, also, *Daily Gazette*, 177 W.Va. at 117, 350 S.E.2d at 744, fn. 5 ("Preparation of a writing, such as a litigation settlement document, by an attorney for a public body or by an attorney for a public body's insurer is viewed as preparation by the public body for the purpose of [the State Freedom of Information Act]. Otherwise a public body could thwart disclosure under the State FOIA by having an attorney or an insurer's attorney prepare every writing which the public body wishes to keep confidential.").

*R.C. 121.22(G)(3)*

**{¶ 16}** In its motion for judgment on the pleadings, the board contends that R.C. 121.22(G)(3) exempts the settlement agreement from disclosure under R.C. 149.43. R.C. 149.43(A)(1) exempts from disclosure "[r]ecords the release of which

is prohibited by state or federal law." R.C. 121.22(G) provides that "members of a public body may hold [a private] executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of the consideration of any of the following matters: * * * (3) Conferences with an attorney for the public body concerning disputes involving the public body that are the subject of pending or imminent court action."

{¶ 17} According to the board, it held an executive session at which it discussed the settlement agreement prior to adopting the resolution approving the agreement in an open meeting. As relator notes, however, these purported facts are not properly considered in determining the board's Civ.R. 12(C) motion for judgment on the pleadings because relator is entitled to have all material allegations in its complaint, with all reasonable inferences to be drawn therefrom, construed in its favor as true. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165-166, 63 O.O.2d 262, 264, 297 N.E.2d 113, 117.

{¶ 18} Further, even assuming the accuracy of the board's statement of facts in its motion, R.C. 121.22(G)(3) does not exempt the settlement agreement from disclosure under R.C. 149.43. As the Court of Appeals for Cuyahoga County noted in rejecting an identical contention in *Kinsley*, 64 Ohio App.3d at 664, 582 N.E.2d at 656:

{¶ 19} "While R.C. 121.22(G)(3) permits a governmental body to privately discuss litigation, the statute expressly invalidates any resolution, rule or formal action adopted in the closed session unless the resolution, rule or formal action is adopted in an open meeting. See R.C. 121.22(H). Thus, once a conclusion is reached regarding pending or imminent litigation, the conclusion is to be made public, even though the deliberations leading to the conclusion were private. Since a settlement agreement contains the result of the bargaining process rather than revealing the details of the negotiations which led to the result, R.C. 121.22(G)(3),

6

which exempts from public view only the conferences themselves, would not exempt a settlement agreement from disclosure."

{¶ 20} Other courts have reached similar conclusions concerning the discoverability of settlement agreements under their public records provisions. See, *e.g., Daily Gazette* at 117, 350 S.E.2d at 744, fn. 5 ("We need not address any question of whether an attorney's work product is exempt from disclosure under the State FOIA; it is clear that such an exemption would apply, if at all, only to a writing reflecting the mental impressions, conclusions, opinions or theories of an attorney prepared in anticipation of litigation or in preparation for trial, and would not apply to a writing, such as a release or another litigation settlement document, prepared by an attorney to conclude litigation."); *Dutton*, 395 So.2d at 685.

{¶ 21} Finally, the cases cited by the board are inapposite. For example, *Springfield Local School Dist. Bd. of Edn. v. Ohio Assn. of Pub. School Emp., Local 530* (1995), 106 Ohio App.3d 855, 667 N.E.2d 458, holds that collective bargaining meetings between public employees and employee organizations are closed and minutes of the meetings are not subject to disclosure under R.C. 149.43. *Springfield Local* did not hold that the collective bargaining agreements resulting from the negotiations are not subject to disclosure. Cf. R.C. 4117.21.

*Motion for Judgment on the Pleadings; Motion for Peremptory Writ*

{¶ 22} Based on the foregoing, the board's motion for judgment on the pleadings is meritless. After construing the material factual allegations of relator's complaint and all reasonable inferences therefrom most strongly in its favor, it is not beyond doubt that relator could prove no set of facts warranting extraordinary relief in mandamus.

{¶ 23} In addition, no further evidence or argument seems necessary for the resolution of the legal issues raised here, since the pertinent facts are either uncontroverted or, if we were to accept the board's statement of facts, relator would still be entitled to the requested relief. Therefore, we grant relator a peremptory

writ of mandamus to compel the board to provide access to the settlement agreement. See, *e.g., State ex rel. Bowman v. Columbiana Cty. Bd. of Commrs.* (1997), 77 Ohio St.3d 398, 401, 674 N.E.2d 694, 696. Given relator's concession that it seeks only the settlement agreement, we need not consider relator's alternate claim under R.C. 305.10. Granting access under R.C. 149.43 moots this claim.

*Attorney Fees*

{¶ 24} Relator requests an award of attorney fees under R.C. 149.43(C). Relator has established a sufficient public benefit, and the board failed to comply with its records request for reasons that were unreasonable and unjustifiable. Therefore, we award attorney fees. *Gannett*, 78 Ohio St.3d at 404, 678 N.E.2d at 561. Relator's counsel is ordered to submit a bill and documentation in support of the request for attorney fees, in accordance with the guidelines in DR 2-106.

*Conclusion*

{¶ 25} Based on the foregoing, we overrule the board's motion for judgment on the pleadings, grant relator's motion for peremptory writ, issue a peremptory writ of mandamus to compel the board to provide access to the settlement agreement pursuant to R.C. 149.43, award attorney fees to relator, and order relator's counsel to submit a bill and documentation in support of attorney fees.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____