BOCK et al., Appellants,

v.

HAMILTON COUNTY BOARD OF PARK COMMISSIONERS, Appellee.

[Cite as *Bock v. Hamilton Cty. Bd. of Park Commrs.* (1999), 132 Ohio App.3d 726.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980441.

Decided March 12, 1999.

*Newman & Meeks Co., L.P.A.,* and *Robert B. Newman,* for appellants.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Thomas Deye,* Assistant Prosecuting Attorney, for appellee.

HILDEBRANDT, Judge.

Plaintiffs-appellants, David and Terry Bock, are married. They have a daughter, born on August 27, 1979, who worked for the Hamilton County Board of Park Commissioners from the time she was sixteen years old until several months before her eighteenth birthday. Forty-eight-year-old Joseph Vita was the immediate supervisor of the plaintiffs' daughter. The plaintiffs allege that, while their daughter was employed by the county, Vita entered into a relationship with their daughter that included sexual relations.

The plaintiffs allege that Vita's supervisor, Mr. Breitenbach, was informed in February 1997 that Vita was having sexual relations with the plaintiffs' daughter and that Breitenbach failed to take any corrective or investigative action. Breitenbach and the county contend that Breitenbach did not learn of the affair until June 1997, at which time Breitenbach terminated Vita's employment. Breitenbach informed the plaintiffs of Vita's termination as well as the reasons for it. On August 27, 1997, the plaintiffs' daughter reached her eighteenth birthday. On that day she left the state with Vita.

In count one of their complaint, the plaintiffs allege that the county, through its agents, negligently failed to supervise Vita. In count two, the plaintiffs claim that Vita's actions violated R.C. 4112.02. The plaintiffs claim that, as a result of the alleged misconduct, they lost the society and companionship of their daughter. After filing an answer to the complaint, the county moved for judgment on the pleadings pursuant to Civ.R. 12(C). The trial court granted the motion.

In their solitary assignment of error, the plaintiffs urge that the lower court erred by granting the county's motion for judgment on the pleadings. We are unpersuaded.

Judgment on the pleadings pursuant to Civ.R. 12(C) is proper when a plaintiff can prove no set of facts warranting the requested relief; the court must construe all material factual allegations in the complaint and all reasonable

inferences therefrom in the plaintiff's favor.[1] The plaintiffs' allegations in this case, construed in their favor, do not entitle them to any relief.

A parent may state a claim for loss of consortium of his or her child if the loss occurs when the child is a minor. A parent's claim for the loss of consortium of a minor child is a derivative claim; it is dependent upon the defendant having caused a legally cognizable injury to the child.[2] Ohio has recognized a parent's loss-of-consortium claim when the parent's minor child has suffered a physical injury or when the child has actually been removed from the parent's company.[3]

The plaintiffs concede that they cannot base their claim for loss of consortium on events that occurred on or after their daughter's eighteenth birthday. Their claim must be based on an injury or injuries that occurred after the affair between their daughter and Vita began, but before the date she turned eighteen. However, the complaint contains *no allegation* that the plaintiffs' daughter was actually injured, either physically or emotionally. Without an allegation that the child was harmed in some way, the parents' loss-of-consortium claim must fail.

The plaintiffs argue, in support of their claim, that a supervisor commits sexual harassment in violation of R.C. 4112.02 as a matter of law when he makes sexual advances toward an employee whom he supervises and who is under eighteen years old. Because of the child's age and the supervisor's position of authority, the advances must be *presumed* unwelcome and the harassing conduct *presumed* harmful. Thus, they assert, they may be entitled to recover for loss of consortium caused by Vita's conduct and by the county's negligent supervision of Vita.

Plaintiffs' arguments are without support in law, and we therefore reject them. No provision in R.C. 4112.02 or in the case law interpreting that statute supports the proposition that sexual relations between an employee and a supervisor, even if the employee is a minor, constitute sexual harassment *per se* in violation of R.C. 4112.02. The plaintiffs argue that sexual advances toward a

---

1. See *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.* (1997), 80 Ohio St.3d 134, 136, 684 N.E.2d 1222, 1224; *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113.

2. *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 93, 585 N.E.2d 384, 392; *Gallimore v. Children's Hosp.* (1993), 67 Ohio St.3d 244, 617 N.E.2d 1052, paragraph one of the syllabus.

3. *Gallimore v. Children's Hosp.* (1993), 67 Ohio St.3d 244, 617 N.E.2d 1052, paragraph one of the syllabus; *Clark v. Bayer* (1877), 32 Ohio St. 299, 310.

minor by her supervisor must be regarded as unwelcome as a matter of law; however, even if this court were to accept that proposition, the plaintiffs' arguments would remain meritless. Unwelcome sexual advances, without more, do not establish unlawful sexual harassment, particularly when there has been no allegation that the employee was actually injured. The United States Supreme Court has recently held that a lack of damages from unwelcome sexual advances or conduct is an affirmative defense to a sexual-harassment claim under federal law.[4]

An alleged victim of sexual harassment must still plead and prove injury or damages from the harassing conduct to prevail on a claim for a violation of R.C. 4112.02; likewise, the parents here must allege that their daughter was injured by Vita's allegedly unwelcome conduct to recover for loss of consortium. They have failed to do so, relying instead on a presumption of injury that does not exist under Ohio law.

We hold that the trial court did not err in granting the motion for judgment on the pleadings. Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., and WINKLER, J., concur.

---

4. See *Burlington Industries, Inc. v. Ellerth* (1998), 524 U.S. 742, 763–765, 118 S.Ct. 2257, 2270, 141 L.Ed.2d 633, 654–655; *Faragher v. Boca Raton* (1998), 524 U.S. 775, 805–806, 118 S.Ct. 2275, 2292–2293, 141 L.Ed.2d 662, 687–690.