ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On February 13, 2004, relator Norman T. Musial filed a verified petition for writ of mandamus which he later amended on February 26, 2004. In his petition, Musial asks this court to order respondents City of North Olmsted, the clerk of City Council Barbara Seman, the Chief of Police George Ruple, and the Director of Public Safety Richard Jesse Barb, to make available for inspection and copying all records compiled or held by the City Ethics Commission and the City Police Department related to the investigation of allegations that Musial and another individual received favorable pricing treatment for events held at a cityowned facility.
 {¶ 2} On March 18, 2004, respondents submitted a joint answer and on April 6, 2004, submitted a motion for summary judgment. Musial replied to the motion for summary judgment and submitted a cross-motion for summary judgment, to which respondents submitted a reply. Thereafter, on May 14, 2004, this court ordered the respondents to submit a complete index of records that fall within Musial's request. We further ordered Musial to review the submitted index and to identify the existence of any additional documents not identified by respondents. If Musial identified any additional documents, this court ordered respondents to determine whether those documents existed. Respondents were also ordered to submit to this court, under seal, five copies of each identified record that was withheld in full or redacted.
 {¶ 3} In compliance with our order, respondents submitted a complete index of records on May 28, 2004. On June 7, 2004, Musial submitted his response to the index of records and identified additional records. Thereafter, on June 18, 2004, respondents submitted a supplemental complete index of records and a certification as to the lack of existence of additional documents identified by Musial. On July 9, 2004, respondents filed the identified documents under seal. For the following reasons, we grant in part and deny in part the motions for summary judgment.
 {¶ 4} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief sought; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Manson v. Morris (1993),66 Ohio St.3d 440, 613 N.E.2d 232, citing State ex rel. Berger v. McMonagle
(1983), 6 Ohio St.3d 28, 451 N.E.2d 225.
 {¶ 5} In this matter, petitioner claims that he has requested public records from a public office and has been denied access to those records. According to R.C. 149.43(B)(1), "* * * all public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject to division (B)(4) of this section, upon request, a public office or person responsible for public records shall make copies available at cost, within a reasonable time. * * *"
 {¶ 6} Additionally, R.C. 149.43(C) provides: "If a person allegedly is aggrieved by the failure of a public office to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section, or if a person who has requested a copy of a public record allegedly is aggrieved by the failure of a public office or the person responsible for the public record to make a copy available to the person allegedly aggrieved in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section * * *."
 {¶ 7} A review of respondent's revised supplemental complete index of records indicates that respondent has released in full several documents in response to relator's public records request. Respondent has also released several documents with redactions and has withheld documents in full. In support of this decision, respondent claims that the documents and the redacted parts of the documents can be withheld because they are confidential law enforcement records.
 {¶ 8} Section 149.43(A)(1) defines a public record as "any record that is kept by any public office * * * except medical records, records pertaining to adoption, probation, and parole, records pertaining to actions under section 2151.81 * * * and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 * * * trial preparation records, confidential law enforcement records, and records the release of which is prohibited by state or federal law."
 {¶ 9} Subsection 149.43(A)(2) further defines "confidential law enforcement record" as any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following: (a) the identity of an uncharged suspect; (b) the identity of an information source or witness to whom confidentiality has been reasonably promised, or information which could compromise the identity of such an individual; (c) specific confidential investigatory techniques, procedures or work product; or (d) information which would endanger the safety of a crime victim, witness, confidential source or law enforcement officer.
 {¶ 10} We are aware that in interpreting this statute the Ohio Supreme Court has consistently ruled in favor of disclosing records. State ex rel. Beacon Journal Publishing Co. v.University of Akron (1980), 64 Ohio St.2d 392, 415 N.E.2d 310;State ex rel. Multimedia, Inc. v. Whalen (1990),48 Ohio St.3d 41, 549 N.E.2d 167; State ex rel. Cincinnati Post v. Schweikert
(1988), 38 Ohio St.3d 170, 527 N.E.2d 1230. In State ex rel.National Broadcasting Company, Inc. v. City of Cleveland (1988),38 Ohio St.3d 79, 526 N.E.2d 786, (NBC I), the Ohio Supreme Court established broad rules for examining records for disclosure. Law enforcement investigatory records must be disclosed unless they fall within one of the statutory exemptions. The government has the duty to disclose such records, including parts of a record which do not fall within an exemption. If only part of a record is exempt, the court is to redact the exempted part and order the release of the remainder.
 {¶ 11} The Ohio Supreme Court has further ruled that when protected information is inextricably intertwined with the remainder of the record, it is appropriate to withhold the entire document. State ex rel. Thompson Newspapers, Inc. v. Martin
(1989), 47 Ohio St.3d 28, 546 N.E.2d 939; State ex rel. McGee v.Ohio State Board of Psychology (1990), 49 Ohio St.3d 59,550 N.E.2d 945; State ex rel. Polovischak v. Mayfield (1990),50 Ohio St.3d 51, 552 N.E.2d 635.
 {¶ 12} After reviewing the submitted documents, we agree with respondent that the documents are confidential law enforcement records. The evidence indicates that, although the matter was presented to the Cuyahoga County Grand Jury, the relator was not indicted and therefore not charged. Additionally, the documents also contain the names of other individuals who were also not charged. Release of the documents would not only subject Musial to adverse publicity, but those persons as well.
 {¶ 13} However, after reviewing Document A 1, we find that the respondent redacted too much of the record. We hold that respondents should redact only the names of the uncharged suspects and the associated event as they did with the other documents which were released as redacted.
 {¶ 14} We also reviewed the documents that were withheld in their entirety because respondents claim that the identities are inextricably intertwined with the documents. While we agree with respondents on a majority of the submitted documents, we are aware of the Supreme Court's instructions that we have a duty to disclose parts of the record that do not disclose the identity of the subject. Accordingly, we order that the following documents be released after all identifying information has been redacted: Document C 1, pages 5, 6, 7, 8, 9, 10, 11, 12, 13, 14; Document C 2, pages 6, 7, 8, 9, 12, 13, 14, 15; and Document C 22.
 {¶ 15} Additionally, relator's argument is unpersuasive that records are not investigatory records because the investigation is not going to result in any charges. "This statutory protection is not diminished where there is neither a current investigation or suspect nor where there has been a passage of time or lack of follow-up investigation." State ex rel. Moreland v. Dayton
(1993), 67 Ohio St.3d 129, 130-131, 616 N.E.2d 234. Furthermore, a prosecutor's decision not to institute charges against a suspect does not take the investigatory record outside the scope of the exception. Thompson, supra.
 {¶ 16} We further find relator's argument that the statutory exception has been waived is also not persuasive. Relator argues that the law director's evidentiary material submitted in support of the motion for summary judgment constitute a waiver when he "specifically identified the alleged uncharged suspect information that was redacted and served as the basis for non-disclosure of all the records."
 {¶ 17} In State ex rel. Strothers v. McFaul (1997),122 Ohio App.3d 327, 701 N.E.2d 759, this court stated that in order for the waiver to be applicable, the investigatory records themselves must be disclosed. In this matter, although the respondents identified the subject, the respondents did not disclose the investigatory records and therefore did not waive the exemption.
 {¶ 18} Musial also argues waiver through the delivery of the records to the State Auditor. However, pursuant to this court's order, the record indicates that a public audit was never conducted. Furthermore, relator presents no legal authority that the use of the records by the Liquor Control Department or the North Olmsted Ethics Commission constitutes a waiver of the statutory protection.
 {¶ 19} Finally, Musial requests that this court order attorney fees. R.C. 149.43(C) provides: "If a person allegedly is aggrieved by the failure of a governmental unit to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section, or if a person who has requested a copy of a public record allegedly is aggrieved by the failure of a person responsible for it to make a copy available to the person in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the governmental unit or the person responsible for the public record to comply with division (B) of this section and that awards reasonable attorney fees to the person that instituted the mandamus action * * *."
 {¶ 20} "Awarding attorney fees in public records cases is discretionary and is to be determined by the presence of a public benefit conferred by relator seeking the disclosure. Moreover, since the award is punitive, reasonableness and good faith of the respondent in refusing to make disclosure may also be considered." Beacon Journal Publishing Co., supra, quotingState ex rel. Multimedia, supra, at 100.
 {¶ 21} In this matter, we deny Musial's request for attorney fees. Respondents acted in good faith and possessed a reasonable, legal basis for their refusal to produce the requested records.State ex rel. Fox, et al. v. Cuyahoga County Hospital System, etal. (1988), 39 Ohio St.3d 108, 529 N.E.2d 443; State ex rel.Sun Newspapers v. Westlake Board of Education (1991),76 Ohio App.3d 170, 601 N.E.2d 173.
 {¶ 22} In conclusion, the motions for summary judgment are granted in part and denied in part. In order to preserve the confidentiality of the submitted documents until all appeals are exhausted or until the parties agree to end the litigation, this court will again reseal the submitted records. In addition, the court will prepare a set of records that were originally withheld but now are ordered to be released with redactions. These redacted records will be included under seal with the original set of records. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ granted in part and denied in part.
Cooney, J., Concurs.
 Karpinski, J., Concurs.