[Cite as *Smith v. OSU Office of Univ. Compliance & Integrity*, 2020-Ohio-5593.]

| | |
|---|---|
| SCOTT ELLIOT SMITH | Case No. 2020-00442PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| OSU OFFICE OF UNIVERSITY COMPLIANCE AND INTEGRITY | |
| Respondent | |

{¶1} "'The Public Records Act serves a laudable purpose by ensuring that governmental functions are not conducted behind a shroud of secrecy.'" (Citation omitted.) *State ex rel. ESPN, Inc. v. Ohio State Univ.*, 132 Ohio St.3d 212, 2012-Ohio-2690, 970 N.E.2d 939, ¶ 40. It has long been the rule in Ohio that public records are "the people's records," and the officials in whose custody they happen to be are merely trustees for the people. *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 9. Therefore, Ohio courts construe the Public Records Act liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. A claim under R.C. 2743.75 to enforce the Public Records Act must be established by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).

**Request and Response**

{¶2} On April 30, 2020, requester Scott Elliot Smith made a request to respondent OSU for all "documents or other memorialized information to or from the Ohio State University (OSU) that describes and details the settlement of any of the following cases:

> United States District Court, Southern District of Ohio, Eastern Division case *Beaudin, et al vs. OSU*, Case No. 2:19-cv-4634;

United States District Court, Southern District of Ohio, Eastern Division *DeLong, et al. vs. OSU*, Case No. 2:19-cv-5551;

United States District Court, Southern District of Ohio, Eastern Division *Disabato vs. OSU*, Case No. 2:19-cv-02237;

United States District Court, Southern District of Ohio, Eastern Division *Doe et al vs. OSU*, Case No. 2:19-cv-04433;

United States District Court, Southern District of Ohio, Eastern Division *Does 37-66 vs. OSU*, Case No. 2:19-cv-03165;

United States District Court, Southern District of Ohio, Eastern Division *Does 67-87 vs. OSU*, Case No. 2:19-cv-04397;

United States District Court, Southern District of Ohio, Eastern Division case *Does 88-94 vs. OSU*, Case No. 2:19-cv-04624;

United States District Court, Southern District of Ohio, Eastern Division case *Does 140-150 vs. OSU*, Case No. 2:20-cv-1188;

United States District Court, Southern District of Ohio, Eastern Division case *Garrett vs. OSU*, Case No. 2:18-cv-00692."

(Complaint, Exh. 1.) OSU's Public Records Program Coordinator responded "This email acknowledges receipt of your public records request. We will review your request and respond within a reasonable period of time." (*Id.*, Exh. 2.) On May 19, 2020, Smith sent a follow-up letter that concluded "Please provide the records or advise a date you will be providing the records requested." (*Id.*, Exh. 3.) On May 20, 2020, OSU responded, "Please note that we are actively processing your request and will respond as soon as possible." (*Id.*, Exh. 4.) On May 21, 2020, Smith sent a third letter stating, in part:

> To date you have not complied with our request or provided a date of anticipated compliance. To clarify our request, we seek * * * [t]rue and accurate hard copies or electronically executed settlement documents or other memorialized settlement documentation signed by each party and party representative and/or counsel for each party that sets forth all settlement terms and conditions of the settlement agreement for [the cases listed in the two previous letters].

(*Id.*, Exh. 5.) On May 22, 2020, OSU replied, "We will review your clarified request and respond within a reasonable period of time." (*Id.*, Exh. 6.)

{¶3} On July 16, 2020, with no further response from OSU, Smith filed a complaint pursuant to R.C. 2743.75 alleging OSU's denial of timely access to public records in violation of R.C. 149.43(B). On October 2, 2020, OSU filed its response and a motion to file specified documents under seal. On October 5, 2020, the court granted the motion. On October 19, 2020, requester filed a reply as well as a memorandum in opposition to the motion to file under seal, and a motion to strike.

**Documents Filed Under Seal**

{¶4} As a preliminary matter, the special master granted OSU's Sup.R. 45(E) motion to limit public access to 1) the withheld settlement agreement, 2) an unredacted copy of the response, and 3) emails dated June 19 and June 20, 2020 that were referenced in the redacted response. Smith's October 19, 2020 memorandum in opposition to filing under seal and motion to strike argues 1) that discussion and filing of the emails is an improper disclosure of confidential mediation communications, 2) that the "orders" contained in the emails are immaterial to this case, and, 3) that the settlement agreement is manifestly a public record which OSU fails to justify filing under seal. For the following reasons, I find no reason to disturb the order of October 5, 2020 granting the motion to limit public access:

1) Both parties complain the other has violated or is attempting to violate mediation confidentiality. This court accepted documents represented as relevant to the public records issue in this action, after confirming their *potential* relevance by review. Although the federal court emails are likely not protected mediation communications under the Uniform Mediation Act,[1] I determined their acceptance under seal was justified to assist determination of whether the district court rule serves as a public records exception. In any

---

[1] The confidentiality provision for mediation communications in R.C. 2710.07 excludes any records or communications that are subject to R.C. 149.43 or R.C. 121.22. Further, there is no privilege under R.C. 2710.03 for a mediation communication "contained in a written agreement evidenced by a record signed by all parties to the agreement." R.C. 2710.05(A)(1).

case, each party's remedy for the other's alleged violation of mediation confidentiality lies in the federal court.

2) Smith's objection to the emails as immaterial begs the question for which they were submitted. The special master and the court cannot evaluate the issue of materiality without examining the emails.

3) The settlement agreement is both the subject of the claim for production, and alleged to document the asserted exception. Submission of such documents for *in camera* review is a routine, often necessary practice in public records cases. *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 22. I found that such review is necessary in this case.

Accordingly, the motion to strike is DENIED.

**Settlement Agreements**

{¶5} Smith's request was for nine "signed settlement documents." The responsive document submitted by OSU under seal is a single Master Settlement and Release encompassing settlement of eight of the cases Smith listed, but not of *Garrett, et al. v. The Ohio State University*, S.D. Ohio Case No. 2:18-cv-692, which the document indicates was still pending. (March 6, 2020 Master Settlement and Release at Section 23. *Other Settlements*, under seal.)

{¶6} It is well-settled in Ohio that settlement agreements involving public offices are public records subject to disclosure. *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.*, 80 Ohio St.3d 134, 136, 684 N.E.2d 1222 (1997); *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-0hio-1497, 805 N.E.2d 1116, ¶ 23-29; *State ex rel. Sun Newspapers v. Westlake Bd. of Educ.*, 76 Ohio App.3d 170, 601 N.E.2d 173 (8th Dist.1991) (settlement agreement is public despite parties' agreement to not disclose terms); *State ex rel. Kinsley v. Berea Bd. of Educ.*, 64 Ohio App.3d 659, 582 N.E.2d 653 (8th Dist.1990) (settlement agreements are not trial preparation records). Even drafts of settlement agreements are "records" that document office

policies and decisions in the negotiation process. *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163 ¶ 20. Although mediation continues in several related federal cases, the March 6, 2020 Master Settlement and Release is a signed settlement agreement of the cases it encompasses. (Response at 2.)

**Exception Asserted**

{¶7} OSU does not dispute that settlement agreements are, absent an applicable exception,[2] public records when kept by a public office. *See Dues* at 29. However, OSU asserts that a federal district court local rule, S.D. Ohio Civ.R. 16.3(c), serves as "federal law" prohibiting release of the settlement agreement at issue. (Response at 7-8.) *See* R.C. 149.43(A)(1)(v). OSU asserts no other exceptions.

{¶8} The burden to establish applicability of the exception rests on OSU. *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 15. Exceptions to disclosure are strictly construed against the public records custodian. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 7. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. Any doubt should be resolved in favor of disclosure of public records. *State ex rel. James v. Ohio State Univ.*, 70 Ohio St.3d 168, 169, 637 N.E.2d 911 (1994).

{¶9} Ohio courts have long rejected the argument that local rules of courts, or agreed court orders, are state law prohibiting the release of records. "A local rule of court cannot prevail when it is inconsistent with the express requirements of a statute." *State ex rel. MADD v. Gosser*, 20 Ohio St.3d 30, 485 N.E.2d 706 (1985), paragraph

---

[2] A public records exception is a law prohibiting or excusing disclosure of records that would otherwise be public.

three of the syllabus (rule restricting disclosure of court DWI records); *State ex rel. Highlander v. Rudduck*, 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 1, 11 (judge sealed case record upon agreed judgment entry); *Dues* at 30-39 (Court rejected judge's "judicially created" exception).

{¶10} S.D. Ohio Civ.R. 16.3[3] sets out provisions governing alternative dispute resolution in the United States District Court, Southern District of Ohio, and provides in pertinent part:

(c) Confidentiality.

(1) In addition to Fed.R.Evid. 408 and any other applicable privilege, pursuant to 28 U.S.C. § 652(d), evidence of conduct or statements made in settlement negotiations is not admissible to prove liability for or the invalidity of a claim or its amount in the case in which the settlement negotiations occur. In order to promote candor and protect the integrity of this Court's ADR processes, in addition to other protections afforded by law, all communications made by any person (including, but not limited to parties, counsel, and Judge or other neutral participants) during ADR proceedings conducted under the authority of this Court are confidential and are subject to disclosure only as provided in subsection (c)(3) of this Rule. * * *

(2) Communications deemed confidential by this Rule include, but are not limited to, statements or expressive conduct occurring during the ADR proceeding itself, such as offers to compromise, statements about the value of a case or claim, statements about the strength or weakness of a claim or defense, and statements concerning the possible resolution of all or part of a case. Confidential communications also include communications made in connection with selecting an ADR process, initiating the process, and selecting or retaining a mediator or other neutral.

(3) Communication deemed confidential by this Rule may be disclosed, if such disclosure is not otherwise prohibited by law or court order, only in the following circumstances:

* * *

---

[3]https://www.ohsd.uscourts.gov/sites/ohsd/files//Local%20Rules%20%28effective%20January%201%2C%202020%29.pdf (Accessed Oct. 26, 2020.)

(E) The disclosure is otherwise required by law.

* * *

(e) Remedies and procedures not specified in this rule.

(1) This Court, or any Division or location of this Court, may by general order provide supplemental procedures for ADR that are not inconsistent with this Rule and applicable law.

**Under Local Rule 16.3, A Written Settlement Agreement is not a "Mediation Communication"**

The Southern District of Ohio has found that "Local Civil Rule 16.3(c) reaches only 'communications' and not the terms of the parties' Settlement Agreement itself." *William F. Shea, LLC v. Bonutti Research, Inc.*, E.D.Ohio No. 2:10-cv-615, 2014 U.S. Dist. LEXIS 129887, *7. Local Rule 16.3 does not apply to the settlement agreement before this court because such a concluded, signed contract is not a mediation "communication." This finding is independently dispositive of the sole issue in this case.

**The Ohio Public Records Act Supersedes S.D. Ohio Civ.R. 16.3(c) as "Disclosure Otherwise Required by Law"**

{¶11} Separately, even were the Master Settlement and Release found to be a mediation "communication," it would still be excluded from confidentiality by another provision of the local rule. S.D. Ohio Civ.R. 16.3(c)(3)(E) provides that: "Communication deemed confidential by this Rule may be disclosed [if the] disclosure is otherwise required by law." The phrase "otherwise required by law" broadly refers and defers to any federal or state law that requires the communication to be disclosed. In *State ex rel. Cincinnati Enquirer v. Daniels*, 108 Ohio St.3d 518, 523, 2006-Ohio-1215, 844 N.E.2d 1181, the Court found that "health information" protected by the federal Health Insurance Portability and Accountability Act (HIPAA) must be disclosed in response to an Ohio public records request under an identical "required by law" exception in the HIPAA privacy rule. *Id.* at ¶ 25-28. The federal Southern District Court applies S.D. Ohio Civ.R. 16.3(c) in conformity with *Daniels*: "Although the Local Civil Rules do not

expressly define 'otherwise required by law,' the obvious meaning of this phrase encompasses statutory or common law mandates that would necessitate disclosure." *Shea v. Bonutti* at *4. I conclude that public records production required by R.C. 149.43(B) is disclosure "required by law" within the meaning of S.D. Ohio Civ.R. 16.3(c)(E).

### Southern District of Ohio Supplemental Procedures for Alternative Dispute Resolution

The Southern District has further held that

> Because Local Civil Rule 16.3(c) reaches only "communications" and not the terms of the parties' Settlement Agreement itself, section 3.5 of Southern District of Ohio Supplemental Procedures for Alternative Dispute Resolution ("Section 3.5") becomes relevant. That section provides that the parties may not disclose the "terms of any agreed upon settlement" *unless* all parties agree in writing or *one of the exceptions set forth in Local Civil Rule 16.3 applies.*

(Emphasis added.) *Shea v. Bonutti* at *7. Because the "required by law" exception set forth in S.D. Ohio Civ.R. 16.3(c)(3)(E) *does* apply to these facts and circumstances, the supplemental procedures, by their own terms, do not prohibit disclosure.

{¶12} Further, although the supplemental procedures are written pursuant to Rule 16.3(e)(1), OSU offers no authority for the proposition that they, too, carry the "force of law." It is far from clear that supplemental procedures permitted by a local rule could ever rise to the level of a "federal law" to which the Ohio Public Records Act must yield.

{¶13} Finally, the phrase "the terms of any agreed upon settlement," if read to include both verbal and written agreements, would exceed the supplement's authorized amplification of a Rule that applies only to "mediation communications" and not to signed settlement agreements.[4] An equally justified reading that this phrase includes

---

[4] "This Court, or any Division or location of this Court, may by general order provide supplemental procedures for ADR *that are not inconsistent with this Rule* and applicable law." S.D. Ohio Civ.R. 16.3(e)(1).

only verbal communication of the terms of an "agreed upon settlement," but not a subsequent written settlement contract, avoids any conflict.

{¶14} Thus, all relevant federal and state statutes, cases, court rules, and supplemental procedures confirm that public office settlement agreements in general, and the settlement agreement before this court in particular, are not excepted from public records release by the local rule or the supplemental procedures. I find that OSU has not met its burden to prove that the withheld record falls squarely within a valid public records exception.

**Failure to Provide Explanation for Denial, Including Legal Authority**

{¶15} "The primary duty of a public office when it has received a public-records request is to promptly provide any responsive records within a reasonable amount of time *and when a records request is denied, to inform the requester of that denial and provide the reasons for that denial.* R.C. 149.43(B)(1) and (3)." *Cordell v. Paden,* 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 11. First, with respect to its belief that an exception to disclosure applied, I find that OSU reasonably relied on direction it obtained from the mediator that instructed OSU not to produce the agreement.[5] A court's ultimate finding that a public office violated R.C. 149.43(B) does not preclude a finding that it had a plausible reason for denial. *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 39; *State ex rel. Cincinnati Enquirer v. Sage*, 2013-Ohio-2270, 992 N.E.2d 1178, ¶ 51-54 (12th Dist.). However, having decided to deny the request, OSU failed to provide Smith with a written explanation, including legal authority, as required by R.C. 149.43(B)(3). *See Doe* at ¶ 43. OSU was not precluded from citing the local court rule to Smith in the explanation, as it has in its public pleadings herein. Although Smith was informed at second hand by the mediator of the mediator's belief that the local rule applied, I find that OSU itself failed to timely

---

[5] The emails are attached to the version of OSU's response filed under seal. Smith appears in the headers of both as a recipient.

provide Smith with a written denial and explanation for the denial, including legal authority, in violation of R.C. 149.43(B)(3).

**Remedies**

{¶16} The Court of Claims may order recovery by a requester of his filing fee and other costs associated with the action that he incurred, if it "determines that the public office * * * denied the aggrieved person access to the public records in violation of division (B) of section 149.43 of the Revised Code." R.C. 2743.75(F)(3)(b). The court assigns court costs based in part on determination of violations.

{¶17} Smith also requests reasonable attorney fees in his prayer for relief. However, R.C. 2743.75 provides for an award of attorney fees to a requester in only one circumstance:

> If a court of appeals in any appeal taken under division (G)(1) of this section by the public office * * * determines that the public office * * * denied the aggrieved person access to the public records in violation of division (B) of section 149.43 of the Revised Code and obviously filed the appeal with the intent to either delay compliance with the court of claims' order from which the appeal is taken for no reasonable cause or unduly harass the aggrieved person, the court of appeals may award reasonable attorney's fees to the aggrieved person * * *.

R.C. 2743.75(G)(2). Therefore, attorney fees may not be awarded at this stage of the proceedings.

{¶18} Finally, because this report recommends production of the requested record, it must address OSU's conditional request:

> If this Honorable Court concludes that Mr. Smith is entitled to the March 6, 2020 settlement agreement at this time, Ohio State respectfully requests that the Court, not Ohio State, provide it to him and dismiss this action as moot.

(Response at 11.) Smith's claim will not be rendered moot by the decision and order of this court until appeal time has passed and OSU has complied with the order. Even had OSU produced the records prior to the court's decision, that act would not render the

entire action moot since additional claims of timeliness, explanation, and costs remained to be determined. *See Burfitt v. Greene*, Ct. of Cl. 2019-00766PQ, 2020-Ohio-639, ¶ 13 and cases cited therein. More fundamentally, OSU cannot simply delegate its statutory responsibilities to this court.

**Conclusion**

{**¶19**} Upon consideration of the pleadings, attachments, and affidavits filed in this case, I recommend the court find that respondent violated R.C. 149.43(A)(1), and order respondent to provide requester with a copy of the withheld Master Settlement and Release. I further recommend the court find that respondent failed to timely provide the required explanation and legal authority for denial of the request. I recommend the court find requester entitled to recover from respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that were incurred by requester, but that requester is not entitled to attorney fees. I recommend court costs be assessed to respondent.

{**¶20**} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed October 27, 2020**
**Sent to S.C. Reporter 12/8/20**