[Cite as *Ferrise v. Berea City School Dist.*, 2024-Ohio-5968.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ADAM FERRISE | Case No: 2024-00504PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| BEREA CITY SCHOOL DISTRICT | |
| Respondent | |

{¶1} Before the Court is Respondent's objections to the Special Master's Report and Recommendation (R&R) pursuant to R.C. 2743.75(F)(2). For the reasons below, the Court OVERRULES the objections and ADOPTS the Special Master's R&R.

### I.      Background

{¶2} On June 13, 2024, Requester, a reporter for the *Cleveland Plain Dealer*, filed a public-records complaint seeking copies of the settlement agreements from specific litigation involving the Berea City School District (the District) in federal court.

{¶3} On June 17, 2024, the Special Master terminated mediation pursuant to R.C. 2743.75(E)(1), and set a filing schedule for this case. On October 1, 2024, the Special Master rendered his R&R in accordance with R.C. 2743.75(F). The Special Master found that the settlement agreements were public records subject to production because (1) they were written documents, (2) the District has the statutory authority to address the lawsuits, (3) they document the District's response to the litigation, and (4) they shed light on the District's financial affairs. Therefore, the Special Master recommends "that the court: (1) order respondent to produce the settlement agreements requested, subject to redactions to protect third parties' statutory privacy rights, (2) award requester his filing fees and other costs, and (3) require respondent to bear the balance of the costs of this case."

{¶4} On October 18, 2024, the District filed timely, written objections to the R&R pursuant to R.C. 2743.75(F)(2) arguing that "there is no clear and convincing evidence that the settlement agreements came under the jurisdiction of the District or that they serve to document the decisions of actions of the District."

{¶5} On October 30, 2024, Requester filed a Response to Respondent's Objections. Requester argues that the Ohio Supreme Court has consistently held that delegation of a public duty does not shield a public office from the Public Records Act. Requester argues that, in this case, the District's agent entered into a settlement agreement for the benefit of the District and in furtherance of its duty to defend the office against lawsuits, and consequently, the District's objections should be overruled.

## II. Law and Analysis

{¶6} Pursuant to 2743.75(F)(2):

Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection. If neither party timely objects, the court of claims shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation. If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

{¶7} The Ohio Supreme Court has explained that "the direction in R.C. 2743.75(F)(1) for 'the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint' suggests that public-records-access proceedings in the Court of Claims be consistent with the standards that are applicable to mandamus-enforcement actions." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 32. In mandamus-enforcement actions, it is a relator's burden to prove, by clear and convincing evidence, that the requested records exist and are public records

maintained by a respondent.  *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. The Ohio Supreme Court has held that "clear and convincing evidence" "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} The R&R in this case does not contain an explicit finding by the Special Master that Requester has satisfied his burden.  However, because the Special Master ultimately recommended that the District be ordered to produce the settlement agreements, the Special Master implicitly found that Requester satisfied his burden of proof.

{¶9} R.C. 149.43(A)(1) defines public records as "records kept by any public office, including . . . school district units".  R.C. 149.011(G) defines a "record" as "any document . . . coming under the jurisdiction of any public office . . . which serves to document the . . . decisions . . . or other activities of the office."  For the purposes of R.C. 149.011(G), a matter is within a public office's jurisdiction if the office has statutory authority to address it.  *Hurt v. Liberty Twp.*, 2017-Ohio-825, ¶ 16, adopted March 29, 2017 (Ct. of Cl.), aff'd 2017-Ohio-7820 (5th Dist.).

## A. The District's objection that there is no clear and convincing evidence that the settlement agreements came under the District's jurisdiction, is not well taken.

{¶10} The District argues that it "did not exercise jurisdiction over the settlement agreements since the District had no power to act over the settlement agreements to which it is not a party".  (Objections p. 3.)  Despite the District's contention that it did not have any power to act with regard to the settlement agreements, the District points to no law that supports its claim.

{¶11} R.C. 3313.17 provides that the District's Board is "capable of . . . being sued".  The Ohio Supreme Court held that the defense of lawsuits against a public office involves a public duty to take actions necessary to protect the public interest.  *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 2021-Ohio-1176, ¶ 20.

{¶12} The District argues that because its liability insurer, not the Board, settled the lawsuit, the settlement agreements did not come under the jurisdiction of the District because it was not a party to the settlement. This argument lacks merit. The Ohio Supreme Court has held that government entities cannot conceal records by delegating a public duty; and that the preparation of settlement agreements by an attorney for the insurer of a public office, constitutes a public duty. *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. Of Commrs.*, 80 Ohio St.3d 134, 137 (1997), citing *State ex rel. Gannett Satellite Info. Network v. Shirley*, 78 Ohio St.3d. 400 (1997) and *State ex rel. Massaro v. Ferguson*, 49 Ohio St.3d. 37 (1990). The settlement agreements provide that the plaintiffs' claims against the District would be paid by the District's insurer. (Sealed Documents Received September 25, 2024.) Therefore, the settlement agreements were under the jurisdiction of the District and the District's first objection is overruled.

**B. The District's objection that there is no clear and convincing evidence that the settlement agreements serve to document the District's decisions or actions lacks merit.**

{¶13} The District argues that the Special Master erred in applying *Findlay Publishing Co.* to the present case because the presumption that settlement agreements are public records assumes that the public office was a party to the settlement agreement. However, the text of that decision contradicts this argument. In *Findlay Publishing Co.*, the Ohio Supreme Court held that:

> In general, a settlement agreement *of a lawsuit in which a public office is a party* is a public record subject to disclosure under R.C. 149.43. *State ex rel. Sun Newspapers v. Westlake Bd. of Edn.* (1991), 76 Ohio App. 3d 170, 601 N.E.2d 173; *State ex rel. Kinsley v. Berea Bd. of Edn.* (1990), 64 Ohio App. 3d 659, 582 N.E.2d 653; see, also, *Bowman v. Parma Bd. of Edn.* (1988), 44 Ohio App. 3d 169, 542 N.E.2d 663. *Settlement agreements document decisions and activities of the public office.* R.C. 149.011(G).

(Emphasis added.) *Findlay Publishing Co.* at 136. Here, the District was a party to several lawsuits that resulted in settlement agreements. (PQ Miscellaneous filed Sept. 9, 2024, pp. 14-119, 154; Sealed Documents Received September 25, 2024.) Therefore, the settlement agreements documented decisions and activities of the District and are public records. The District's second objection is overruled.

### III.    Conclusion

{¶14} For the reasons set forth above, the Court finds that the settlement agreements are public records as defined in R.C. 149.43 and 149.011.  Therefore, the Court OVERRULES the District's written objections and ADOPTS the Special Master's Report and Recommendation.  In accordance with the Special Master's Report and Recommendation (1) Respondent is ordered to produce the settlement agreements, subject to redactions to protect third parties' statutory privacy rights; (2) Requester is entitled to recover the filing fee and other associated costs, other than attorney's fees, from Respondent in accordance with 2743.75(F)(3)(b); and (3) costs are assessed against Respondent.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed November 5, 2024**
**Sent to S.C. Reporter 12/20/24**