[Cite as *Cincinnati Enquirer v. Butler Cty. Sheriff's Office*, 2025-Ohio-1650.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| THE CINCINNATI ENQUIRER, A DIVISION OF GP MEDIA, INC.<br><br>    Requester<br><br>    v.<br><br>BUTLER COUNTY SHERIFF'S OFFICE<br><br>    Respondent | Case No. 2024-00906PQ<br><br>Special Master Todd Marti<br><br><u>REPORT AND RECOMMENDATION</u> |

{¶1} This case is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court: (1) order respondent to produce the telephone log at issue, (2) award requester its filing fee and costs, and (3) order that respondent pay the balance of the costs of this case.

I. **Background**.

{¶2} The respondent Butler County Sheriff's Office ("the Sheriff") operates the Butler County Jail. Butler County Sheriff's Office, *Corrections Section*.[1] Prisoners housed there may make outgoing telephone calls. Butler County Sheriff's Office, *Communicating by Telephone*.[2] Those calls are overseen by a third-party vendor. That vendor apparently has the ability to generate a log of calls made by an inmate when requested. *Requester The Cincinnati Enquirer, A Division of Gannet Media, Inc.'s Submission of Additional Evidence*, filed March 19, 2025 ("*Requester's Evidence*"), pp. 6-7 ¶ 7, 18, 19; *Respondent*

---

[1] https://www.butlersheriff.org/corrections/. Accessed April 10, 2025. The court can take judicial notice of the information on that government website. *State v. Howard*, 2010-Ohio-2303, ¶ 22 (12th Dist.).

[2] https://www.butlersheriff.org/general-info/inmate-info/telephone/. Accessed April 10, 2025. See note 1 regarding judicial notice of this fact.

*Butler County Sheriff's Office's Response to Requester's Complaint*, filed March 28, 2025 ("*Response*"), p. 12, ¶¶ 7, 9.[3]

{¶3} Billy Wagner, a suspect in a high profile murder case, was housed in the Jail for an extended period of time. A reporter for the Cincinnati Enquirer, the requester here, made a public records request to the Sheriff for certain records regarding Wagner's stay at the jail. The Sheriff provided all the requested records except a log of Wagner's telephone calls. *Requester's Evidence*, pp.10, 12, 17-19.

{¶4} The Enquirer brought this case to compel production of the log. Mediation did not resolve the case, so a schedule was set for the parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation*, entered March 5, 2025.

## II. Analysis.

### A. Respondent should be ordered to obtain and produce the log.

{¶5} The Sheriff asserts three bases for denying the request for the log. One is that the log is not a record within the meaning of R.C. 149.011(G). Another is that the Sheriff does not have the log because inmate phone calls are overseen by the third-party vendor and the Sheriff has never requested a log. Finally, the Sheriff invokes R.C. 5120.21 to assert that the log is exempted from the class of public records. None of those bases are valid.

#### 1. The log is a record because it documents compliance with a legal obligation.

{¶6} Materials are records if they are "(1) documents, devices, or items. . . (2) created or received by or coming under the jurisdiction of the recorder's office, (3) that serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office. R.C. 149.011(G)." *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 2012-Ohio-753, ¶ 31. The Sheriff does not dispute the first two elements, but asserts that the logs would not document its operations.

---

[3] All references to specific pages of filings in this case are to the pages of the PDF copies posted in the court's docket.

{¶7} Materials that document a public office's performance of its statutory responsibilities are records. *Ferrise v. Berea City School Dist*., 2024-Ohio-5310, ¶¶ 9-14, adopted 2024-Ohio-5968 (Ct. of Cl.). The logs are therefore records if they document the Sheriff's performance of its statutory obligations.

{¶8} They do. R.C. 341.01 requires the Sheriff to operate the Jail in compliance with state jail standards. One of those standards requires the Sheriff to provide prisoners with "access to inmate telephone services[.]" Adm. Code 5120:1-8-06(G). The log would document whether Billy Wagner was in fact able to access telephone services while in the Sheriff's custody and hence the Sheriff's performance of that statutory obligation. The log is therefore a record.

## 2. The quasi-agency doctrine requires respondent to obtain and produce the log.

{¶9} The quasi-agency doctrine requires a public office to retrieve records related to the performance of a public function it has delegated to a private entity from that entity. "When the quasi-agency test is satisfied, the public office has a duty to obtain requested records from the private entity and disclose them to the requester." *State ex rel. Brown v. Columbiana Cty. Jail*, 2024-Ohio-4969, ¶ 21. For example, in *Brown*, a requester sought records from a county sheriff related to the operations of the county jail that were held by a private entity that managed the jail. The Court held that "[r]egardless of who has the . . . records responsive to the request—the sheriff's office or . . . the private jail administrators—the sheriff's office has a clear legal duty to obtain existing responsive records and disclose them" if the quasi-agency doctrine applied. *Id*. at ¶ 22. The Sheriff in this case is therefore obligated to obtain and produce the telephone log if the quasi-agency doctrine applies here.

{¶10} It does. The doctrine applies if the requester "shows that the public office delegated the public duty to which the requested records relate." *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 2021-Ohio-1176, ¶ 18. "[P]roof of a delegated public duty establishes that the documents relating to the delegated functions are public records." *Id*. As discussed in connection with the question of whether the log is a record, the Sheriff has a duty to assure inmates access to telephone services. Adm. Code 5120:1-8-06(G), R.C. 341.01. That is an inherently public duty because it arises in the operation of a jail

and "it is difficult to imagine an activity in which [the public] has a stronger interest." *Prieser v. Rodriques*, 411 U.S. 475, 491-492 (1973). The Sheriff is therefore obligated to work with the private entity that handles inmate telephone calls to obtain the log.

### 3. R.C. 5120.21 does not exempt the log from the class of public records.

{¶11} Sheriff's reliance upon R.C. 5120.21 to shield the log from disclosure is misplaced. That statute is limited by its own terms to records held by the Ohio Department of Rehabilitation and Correction, and this court has held that it does not apply to county jails. *Shaffer v. Budish*, 2018-Ohio-1539, ¶¶ 47-49, adopted February 22, 2018 (Ct. of Cl. No. 2017-00690-PQ).

### B. Requester is entitled to recover its filing fee and costs; respondent should bear the balance of the costs.

{¶12} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office *** the amount of the filing fee *** and any other costs associated with the action[.]" The Enquirer was aggrieved by the Sheriff withholding the log. I therefore recommend that the Enquirer recover its filing fee and the costs it incurred in this case. I also recommend that the Sheriff bear the balance of the costs of this case.

## III. Conclusion.

{¶13} In light of the foregoing, I recommend that the court:

A. Order respondent to produce the telephone log at issue within 30 days of the entry of a judgment adopting this report and recommendation.

B. Order respondent to file and serve a certification that it has produced the log within 40 days of the entry of a judgment adopting this report and recommendation.

C. Award requester its filing fee and costs, and;

D. Order that respondent pay the balance of the costs of this case.

{¶14} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption*

*of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed April 11, 2025**
**Sent to S.C. Reporter 5/8/25**